**F I L E D**

**UNITED STATES COURT OF APPEALS**

December 22, 2005

**FOR THE TENTH CIRCUIT**

LENA THOMAS,

        Plaintiff-Appellant,

v.

MUSKOGEE SHERIFF'S
DEPARTMENT; MUSKOGEE
POLICE DEPARTMENT;
MUSKOGEE FBI; THE FBI;
AMERICAN BROADCASTING
COMPANIES, INC.; NBC, INC.;
CBS; THE FOX NETWORK; THE
WB; DOES 1 THROUGH 1000,

        Defendants-Appellees.

No.  05-7101
(D.C. No. 05-CV-265-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Lena Thomas is appealing the order entered by the district court dismissing her civil rights complaint. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

After setting forth "[a] representative sample of the bizarre nature of the allegations of Plaintiff's [42 U.S.C. § 1983] complaint," R., Doc. 11 at 4, the district court dismissed plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), concluding that "[t]he complaint is devoid of any factual data linking Defendants to Plaintiff's perceived persecution, much less to any recognizable legal theory of recovery. Plaintiff's complaint is nothing more than inflammatory rhetoric," *id.* at 5. Having reviewed the allegations in the documents that plaintiff has submitted to the district court and this court, we agree with the district court's assessment of plaintiff's claims, and we see no abuse of discretion by the district court in dismissing plaintiff's complaint as frivolous pursuant to § 1915(e)(2)(B)(i). *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) ("This court reviews frivolousness dismissals [under § 1915(e)(2)(B)(i)] for an abuse of discretion.").

In her complaint, plaintiff alleges that "the defendants or some of the defendants in this case, launched a conspiracy of evil against plaintiff so great

that it would top many of the greatest atrocities ever committed against another human being in the history of man-kind." R., Doc. 1 at 8. Unfortunately, the complaint never states in intelligible fashion what any defendant actually did. Under the fact-pleading approach of the Federal Rules of Civil Procedure, to state a claim, a complaint must allege facts with sufficient specificity that the defendants can know what they are accused of, and be able to respond. The causes of action set forth by the plaintiff are replete with generalized charges of slander, burglary, theft, installation of mechanical devices into plaintiff's tooth, interference with her book sales, computer sabotage, and disruption of her relations with persons on the internet, among other things, but it does not make clear what any of the defendants actually said about her or did to her.

In accordance with § 1915(e)(2)(B)(i), we are required to dismiss an in forma pauperis appeal if we determine that the appeal is frivolous, and an appeal is frivolous if "it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Applying this standard here, we conclude that this appeal is frivolous, as plaintiff has failed to set forth any specific, nonconclusory arguments explaining why the district court's rulings are erroneous. In addition, while we construe pro se pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this rule is of no avail here because plaintiff

has failed to set forth an understandable statement of the specific facts which support her legal claims.

Accordingly, we DISMISS this appeal.

Entered for the Court

Michael W. McConnell
Circuit Judge