**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ENCISO RODRIGO ACEVES,

Plaintiff-Appellant,

v.

GARLAND JEFFERS and R.
RODRIGUEZ,

Defendants-Appellees.

No. 06-2017

(D. of N.M.)

(D.C. No. CV-03-365-JB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Enciso Rodrigo Aceves, a former federal prisoner appearing pro se, appeals

the district court's dismissal of his civil rights complaint. Because we find that

Aceves failed to timely object to the magistrate judge's proposed findings and

recommended disposition, we affirm the district court's order. We further deny

Aceves' motion to proceed *in forma pauperis.*

_____

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Enrico Rodrigo Aceves served 77 months at the Cibola County Correctional Center ("CCCC")[1] in Milan, New Mexico for illegal reentry. During his incarceration, he alleges that prison officials violated his constitutional rights in the following manner: (1) imposing involuntary servitude by forcing him to work in the prison kitchen; (2) failing to provide adequate medical care; (3) denying him a position in the library; (4) denying him a transfer to a federal facility; (5) denying him meetings with various prison and state officials; (6) unjustifiably segregating him from the prison population; and (7) physically abusing him. Based on these claims, he filed a civil rights action under 42 U.S.C. § 1983 in the District of New Mexico. A magistrate judge recommended that Aceves' claim of involuntary servitude be dismissed for failure to state a claim upon which relief can be granted, and that Aceves' remaining claims be dismissed for failure to exhaust. Aceves failed to respond to the magistrate's recommendation and the district court subsequently adopted the same.

## II. Analysis

We construe a pro se plaintiff's complaint liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). Nonetheless, where a pro se plaintiff fails to timely file objections to a magistrate's recommendation, the plaintiff waives his

---

[1] CCCC, pursuant to a contract with the Federal Bureau of Prisons, houses low-security criminal alien federal inmates.

right to appellate review. *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999). This "firm waiver" rule applies so long as the pro se plaintiff is properly informed of the consequences of failing to object. *Id.* at 1268.

Here, in a footnote on the first page of the magistrate's recommendation, the court stated in bold, "A party must file any objections within the ten (10) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed." This admonition was sufficient to apprise Aceves of the firm waiver requirement.

Although we may waive the requirements of this rule where the interests of justice require, *id.* at 1268, we find no reason to do so here. It is true that Aceves was released from prison while his suit was pending and was subsequently deported to Mexico. However, he failed to meet his obligation under the local rules to file a timely change of address with the lower court. Indeed, he waited nearly eight months from the time of his release before filing his change of address—nearly three months after the magistrate's recommendation was filed and over a month after the district court's order was filed. Even so, the district court gave Aceves ample opportunity to respond, sending him both the magistrate's recommendation and the order adopting the same on two separate occasions, once to his former address and once to his current address.

Even were we to find an exception to the firm waiver rule, the district court correctly concluded that Aceves' involuntary servitude claim should be dismissed for failure to state a claim and his remaining claims for failure to exhaust. First, the court concluded, and we agree, a prisoner does not state a claim under the Thirteenth Amendment for involuntary servitude where he is required to work while incarcerated. The Thirteenth Amendment explicitly exempts incarcerated prisoners from the involuntary servitude proscription. Second, Aceves has conceded that he did not exhaust his remaining claims. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoners to totally and properly exhaust claims before bringing suit in federal court. *See Woodford v. Ngo*, 126 S. Ct. 2378 (2006) (requiring proper exhaustion); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189–90 (10th Cir. 2004) (requiring total exhaustion). Because Aceves has failed to do so, all of his remaining claims must be dismissed.

### III. Conclusion

Accordingly, for the reasons stated above, we affirm the district court's order. We further deny Aceves' motion to proceed *in forma pauperis*.

Entered for the court

Timothy M. Tymkovich
Circuit Judge

-4-