**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADBU-LATIF K. ABU-NANTAMBU-EL,

       Plaintiff - Appellant,

v.

FRED J. OLIVA, Director, Denver
Sheriff Department; GARY WILSON,
Major; CHAPLAIN SCOTT; D.
McCALL, Captain; CAPTAIN
WOODS; SERGEANT ROBBINS;
DEPUTY FLINK; DEPUTY
SCHAEFER; CAPTAIN BLAIR; P.
DEEDS, Major; R. FOOS, Chief;
SERGEANT GABEL; BILL
LOVINGIER, Director, Denver Sheriff
Department; M. MALATESTA;
DEPUTY MARIN, Unnamed Deputy
Defendants 1-4; CAPTAIN MEYER;
SERGEANT MURPHY; SERGEANT
SHELLY,

       Defendants - Appellees.

No. 07-1357
(D.C. No. 06-CV-945-WDM-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the parties' briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Plaintiff-Appellant Abu-Nantambu-El, proceeding pro se, sued members of the Denver Sheriff's Department and an investigator for the Denver Office of Independent Monitor, alleging those Defendants violated Plaintiff's rights while he was incarcerated in the Denver County Jail. Plaintiff appeals from the district court's decisions to dismiss his claims without prejudice and to deny him relief from that decision under Fed. R. Civ. P. 59(e).[1] Defendants contend that this court lacks appellate jurisdiction to consider this appeal and that Plaintiff has, in any event, waived appellate review. Although we are satisfied that we have appellate jurisdiction to consider most of the issues Plaintiff raises on appeal, we agree that he has waived appellate review of the district court's decision to dismiss his claims without prejudice. Further, the court did not abuse its discretion in denying Plaintiff Rule 59(e) relief from that dismissal. We, therefore, AFFIRM.

## I.    Appellate jurisdiction

Defendants assert this court lacks jurisdiction to consider this appeal because Plaintiff's notice of appeal was untimely. That is not the case.

The district court entered its final judgment on March 5, 2007. Within ten

---

[1]We DENY Plaintiff's motion to proceed on appeal in forma pauperis. See 28 U.S.C. § 1915.

2

days of that judgment, see Fed. R. Civ. P. 6(a), however, Plaintiff filed a "motion for reconsideration" that tolled the time for him to file a notice of appeal. See Fed. R. App. P. 4(a)(4)(A). The district court denied that tolling motion on June 12, 2007. Plaintiff then had thirty days from that date to file his notice of appeal. See Fed. R. App. P. 4(a)(1)(A). Admittedly, he did not do so. Nevertheless, on July 25, 2007, Plaintiff did timely file a motion to extend the time to file his notice of appeal. See Fed. R. App. P. 4(a)(5)(A)(I). Further, because that motion was entitled "Notice of Appeal and Request for Extension of Time to File Appeal," it also served as a notice of appeal that ripened when the district court granted Plaintiff's request for an extension of time. See Hinton v. City of Elwood, 997 F.2d 774, 777-79 (10th Cir. 1993); see also United States v. Smith, 182 F.3d 733, 735-36 (10th Cir. 1999) (treating motion to file notice of appeal out of time as functional equivalent of notice of appeal).[2] Plaintiff's notice of appeal was thus timely filed and sufficient to give this court jurisdiction to consider his

_____

[2]A notice of appeal must 1) specify the party taking the appeal; 2) designate the judgment or order from which that party is appealing; and 3) name the court to which the appeal is taken. See Fed. R. App. P. 3(c)(1). Plaintiff's "notice of appeal and request for an extension of time" did not identify to which court he was appealing. Nevertheless, "we have long held that a defective notice of appeal should not warrant dismissal for want of jurisdiction where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee." United States v. Garcia, 459 F.3d 1059, 1062 n.1 (10th Cir. 2006). Here, "because [Defendants] timely filed a response brief in this court without even discussing the defect in [Appellant's] notice of appeal, the [Defendants-Appellees] clearly [were] not prejudiced or materially misled." Id. (quotation omitted).

3

appeal.

Further, because the notice of appeal mentioned both the district court's decision to dismiss Plaintiff's action and the district court's decision denying Plaintiff's Fed. R. Civ. P. 59(e) motion for relief from that decision, we have jurisdiction to review both of those decisions. See Fed. R. App. P. 3(c)(1)(B). See generally Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (construing pro se litigant's pleadings liberally).

In his appellate brief, however, Plaintiff also challenges the district court's decision to deny his later-filed Fed. R. Civ. P. 60(b) motion for reconsideration. Because Plaintiff never filed a separate notice of appeal from that denial, we have no jurisdiction to consider it. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007) (holding timely notice of appeal under Fed. R. App. P. 4(a) is jurisdictional); see also Stouffer v. Reynolds, 168 F.3d 1155, 1171-72 (10th Cir. 1999) (holding district court's decision to deny a Rule 60(b) motion is a separately appealable decision requiring a new notice of appeal).

One additional jurisdictional concern that we raise sua sponte, see Kennedy v. Lubar, 273 F.3d 1293, 1301 (10th Cir. 2001), is the fact that the district court dismissed Plaintiff's complaint without prejudice. This court has indicated that a district court's decision dismissing a complaint without prejudice may not always be a final appealable decision. See Moya v. Schollenbarger, 465 F.3d 444, 448-49 (10th Cir. 2006). Nevertheless, in this case, the district court dismissed

4

Plaintiff's complaint without prejudice because Plaintiff had failed to exhaust his administrative remedies. This court has consistently treated such dismissals as final decisions appealable under 28 U.S.C. § 1291.[3] See Whitington v. Ortiz, 472 F.3d 804, 806 (10th Cir. 2007); Jernigan v. Stuchell, 304 F.3d 1030, 1031 (10th Cir. 2002); Enlow v. Moore, 134 F.3d 993, 994 (10th Cir. 1998); see also Moya, 465 F.3d at 449-50.

We, therefore, are satisfied that we have jurisdiction to consider this timely appeal from the district court's final judgment dismissing Plaintiff's claims without prejudice and the court's decision denying Plaintiff Rule 59(e) relief.

## II. Whether Plaintiff waived direct review of the district court's decision to dismiss Plaintiff's claims without prejudice

It was the magistrate judge, in his January 17, 2007 report and recommendation, who recommended that the district court dismiss Plaintiff's

---

[3]The district court additionally dismissed Plaintiff's claims against Defendant Mary Malatesta pursuant to Fed. R. Civ. P. 12(b)(6), concluding Plaintiff failed to state a claim against Malatesta upon which relief could be granted. But the district court dismissed Plaintiff's claims against Malatesta without prejudice because the district court could not "discount completely the possibility that Plaintiff can correct the pleadings defects" to state a proper claim against Malatesta. Ordinarily, this court might treat such a dismissal order as non-final and, therefore, not yet appealable. See Moya, 465 F.3d at 450-51. Nevertheless, in this case, the district court later also dismissed Plaintiff's claims against Defendant Malatesta, along with his claims against the other defendants, for failure to exhaust administrative remedies. And that determination represents a final, appealable decision.

5

claims without prejudice because Plaintiff had failed to exhaust available administrative remedies.[4]  In that report and recommendation, the magistrate judge informed Plaintiff that he had ten days from the date of service of the report to file objections, and that if Plaintiff did not object, he would waive de novo review by the district court and "the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge."  Plaintiff did not file any written objections.  By failing to do so, he has waived his right to appellate review of both legal and factual issues.  See Jones v. Salt Lake County, 503 F.3d 1147, 1152 (10th Cir. 2007).

Although this waiver rule is firm, it will "not apply (1) when a pro se litigant was not notified of the time period for filing an objection and the consequences for failing to do so, (2) when the interests of justice warrant, or

---

[4]The magistrate judge issued three reports and recommendations, one on January 3, 2007, and two on January 17, 2007.  The first report recommended that the district court grant Defendant Malatesta's motion to dismiss without prejudice Plaintiff's claims against her for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6).  The second recommended denying Plaintiff's claims for injunctive relief as moot, because at that time Plaintiff had been released from jail.  Alternatively, the magistrate recommended denying those claims on their merits because Plaintiff had failed to establish the requirements necessary for injunctive relief.  The magistrate judge's third report recommended dismissing all of Plaintiff's claims without prejudice, because Plaintiff had not established that he had completely exhausted his administrative remedies.  Liberally construing Plaintiff's pleadings, see Haines, 404 U.S. at 519, it appears that on appeal he challenges only the third report and recommendation.  Even if he does challenge the other recommendations, however, Plaintiff has waived appellate review of those determinations as well.

6

(3) when the party that failed to object makes a showing of plain error." Diestel

v. Hines, 506 F.3d 1249, 1279 n.3 (10th Cir. 2007), cert. denied, 2008 WL

857024 (U.S. June 2, 2008) (No. 07-1236). None of these exceptions to the

waiver rule, however, apply here.

Plaintiff argues that he had no notice of the magistrate judge's report and

recommendation because he was never served with it. The magistrate judge,

however, did properly serve Plaintiff when the court mailed the report and

recommendation to the address Plaintiff had given the court. See Theede v. U.S.

Dep't of Labor, 172 F.3d 1262, 1265-67 (10th Cir. 1999). That report was never

returned to the district court as undeliverable. Plaintiff, nevertheless, asserts that,

at the time the district court mailed the magistrate judge's report and

recommendation to him, Plaintiff had been "arrested," reincarcerated, and then

transferred between three or four jails and correctional facilities. He did not

inform the district court of his change of address until February 28, 2007, five

weeks after the magistrate judge served the report and recommendation on

Plaintiff by mailing it to his old address.

"[T]he District of Colorado Local Rules place the burden on the parties to

formally direct the attention of the court to any change of address. . . . The fact

that [Plaintiff] is acting pro se does not eliminate this burden." Theede, 172 F.3d

at 1267; see also Wardell v. Duncan, 470 F.3d 954, 958 (10th Cir. 2006)

(declining to overlook waiver where plaintiff asserted that he was unaware of the

7

magistrate judge's report and recommendation, and his need to make timely objections to that report, because the court had sent the report to a prison from which the plaintiff had since been transferred); Aceves v. Jeffers, 196 Fed. App'x 637, 638 (10th Cir. 2006) (unpublished) (declining to overlook waiver where the plaintiff had been released from prison and deported and did not inform the court of his change of address for eight months).

Plaintiff also argues that the district court's decision to dismiss his action was plain error, enabling this court to overlook his waiver of review, because that decision was contrary to Jones v. Bock, 549 U.S. 199 (2007). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Wardell, 470 F.3d at 959 (quotation omitted). Here, however, there was no error.

The Supreme Court decided Bock after the magistrate judge recommended dismissing Plaintiff's claims, but before the district court accepted that recommendation. Bock held, among other things, that a prisoner's failure to exhaust administrative remedies is an affirmative defense to be raised by the defendant. See 549 U.S. at 918-19, 921. In this case, however, Defendants did raise failure to exhaust as an affirmative defense. And the court ruled on that defense as the result of Defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment.

8

Bock further held that a district court could not dismiss an entire action because only some of the plaintiff's claims remained unexhausted. See 549 U.S. at 923-24. Contrary to Plaintiff's assertion, however, that is not what the district court did here. Although the magistrate judge's report and recommendation applied pre-Bock law, the district court, in adopting the magistrate judge's recommendation, specifically applied Bock. There was, therefore, no error, let alone plain error.

Two additional reasons further persuade us that none of the exceptions to our firm waiver rule apply here. First, on the merits, Plaintiff does not have a strong argument that he has as yet established that he fully exhausted his administrative remedies as to any of his claims. See Theede, 172 F.3d at 1268 (considering strength of plaintiff's claims before concluding court would not, in the interests of justice, overlook plaintiff's waiver of appellate review). And second, the district court dismissed Plaintiff's claims without prejudice to refiling them. We express no opinion, however, as to whether he will be able to do so now.

For all of these reasons, we conclude Plaintiff has waived appellate review of the district court's decision to dismiss Plaintiff's claims without prejudice for failure to exhaust administrative remedies.

III. **Denial of Plaintiff's Rule 59(e) motion**

After the district court dismissed Plaintiff's claims without prejudice for

9

failure to exhaust, Plaintiff filed a motion for reconsideration, which the district court treated as a motion to alter or amend the judgment made pursuant to Fed. R. Civ. P. 59(e). In that motion, Plaintiff informed the district court that he had not been receiving Defendants' pleadings. The district court denied the motion, in part because Plaintiff had not asserted any explanation for failing to file any objections to the magistrate judge's report and recommendation. That was not an abuse of discretion. See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1153 (10th Cir. 2007) (reviewing denial of Rule 59(e) motion for abuse of discretion). Even assuming that the district court could have liberally construed Plaintiff's Rule 59(e) motion to inform the court that Plaintiff had never received the magistrate judge's report and recommendation, for the reasons stated above, the district court still did not abuse its discretion in denying Rule 59(e) relief.

## IV. Conclusion

We AFFIRM the decisions of the district court. The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge