**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADAM DMYTRYSZYN,

        Plaintiff - Appellant,

v.

JOHN HICKENLOOPER, Governor;
ROGER WERHOLTZ, Interim
Executive Director[*]; FAULK,
Superintendent, and Captain John Doe;
BRADYHOFF, Correctional Officer;
ARISTEDES ZAVARES, Former
Exec. Dir; MILLIARD, Former
Superintendent,

        Defendants - Appellees.

No. 12-1491

(D. Colorado)

(D.C. No. 1:12-CV-01690-LTB)

---

**ORDER AND JUDGMENT**[**]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

    [*] Pursuant to Fed. R. App. 34(c)(2) Tom Clements is replaced with Roger Werholtz as Executive Director of the Colorado Department of Corrections.

    [**]After examining the brief and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Adam Dmytryszyn, a Colorado state prisoner, appeals from an order by the United States District Court for the District of Colorado dismissing his civil-rights action for failure to file an amended complaint. He argues that the district court erroneously concluded that he had failed to state a valid claim for relief on any of his causes of action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Dmytryszyn, who is serving a 12-year term of incarceration on a 2009 sentence, filed a complaint under 42 U.S.C. § 1983 against seven current and former state officials, four of whom worked at the facility in which he is incarcerated. He claimed that his federal civil rights were violated by (1) Defendants' policy of requiring him to perform work in the prison for meager wages; (2) a physical search of his person by one of the defendant prison guards; (3) deductions from his inmate account to pay restitution for a prior crime and to pay filing fees for a lawsuit he filed in state court; and (4) Defendants' policy of charging exorbitant fees to photocopy legal documents.

The magistrate judge directed him to file an amended complaint, explaining that none of his allegations stated claims upon which relief could be granted. Rather than filing an amended complaint, Dmytryszyn filed various motions and objections to the magistrate judge's order. After he missed an extended deadline to file his amended complaint, the district court dismissed Dmytryszyn's

complaint without prejudice and he appealed. On appeal he argues that his complaint did state valid claims for relief.

## II.   DISCUSSION

### A.   Standard of Review

We review de novo the district court's decision under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted. *See Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). Although we presume that factual allegations in the complaint are true, the plaintiff has the burden of pleading facts that plausibly establish a right to relief. *See id.* at 1183–84. We address each of Dmytryszyn's claims in turn.

### B.   Prison Labor and Wages

Dmytryszyn's first claim was that requiring him to work as a prison janitor for pay below the federal minimum wage violated the prohibition of slavery in the Thirteenth Amendment and the due-process and equal-protection clauses of the Fourteenth Amendment. But the Thirteenth Amendment's prohibition on "slavery [or] involuntary servitude" does not apply to "a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII. *See Ruark v. Solano*, 928 F.2d 947, 949–50 (10th Cir. 1991) ("The thirteenth amendment's restriction on involuntary servitude does not apply to prisoners."), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). As to his due-process argument, the alleged deprivations of his liberty and property were not

accomplished without due process of law; rather, he was convicted of a crime, and the labor he complains of is one component of his sentence of incarceration. Finally, his equal-protection claim failed to allege how he was being treated differently than similarly situated inmates. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Although he alleged that "[s]ome inmates receive minimum wage or better for industry types of jobs," R. at 9, he failed to allege that he was qualified for these better-paying jobs, or that he ever applied for those jobs and was rejected. On appeal he also contends that he "alleged that some inmates . . . were not forced to work." Aplt. Br. at 8. But he does not attempt to allege that he was indistinguishable from those inmates on any relevant ground. Thus, he failed to show that the prison's labor policy violated his rights, and the district court properly dismissed this claim.

### C.    Unreasonable Search and Use of Force

Dmytryszyn's second claim was that one of the defendants, a guard at the facility where he is incarcerated, violated his Fourth and Eighth Amendment rights by conducting an unreasonable search of his person and wantonly inflicting pain on him. He alleged that as he was leaving the prison kitchen, the guard patted him down and discovered contraband food items "hanging above [his] penis," then "grabbed the plaintiff's penis with his thumb and index finger, and squeezed the plaintiff's penis several times causing the plaintiff physical pain and humiliation." R at 11. He contends that since he had "already been pat searched

-4-

and passed through a metal detector moments before," *id.*, he could not have been a security risk, and therefore "the purpose of the search was to prevent petty theft from the kitchen [and] the search was not rationally related to a legitimate *security* need," *id.* at 12–13 (emphasis added). He failed, however, to plausibly allege that the search was not "related to legitimate *penological* interests," *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir. 2002) (emphasis added) (internal quotation marks omitted), such as the prevention of theft from prison supplies. Hence, the district court properly held that he had failed to plead a Fourth Amendment claim.

As to Dmytryszyn's Eighth Amendment claim based on this incident, his allegations do not plausibly show that the guard acted "maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The allegations are fully consistent with the guard's acting in "a good-faith effort to maintain or restore discipline." *Id.* at 7; *see Gee*, 627 F.3d at 1185 ("[A] prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.").

### D. Deductions from Inmate Account

Dmytryszyn's third claim was that prison officials violated his Fourth Amendment right to be free of unreasonable seizures and his Fourteenth Amendment right to due process when they deducted from his inmate account both payments on restitution for a 1990 burglary conviction and filing fees for a

lawsuit he filed to challenge his conviction for a prison disciplinary infraction. He asserted generally that the statutes authorizing deductions from inmate accounts are unconstitutional, but he has provided no authority to support the contention. There is nothing improper in the State's collection of fees imposed as a part of his sentence or as a condition to a lawsuit. Dmytryszyn argues that because the State did not collect on the judgment during the nine years between his release from prison on the burglary conviction and his reimprisonment on his current sentence, the restitution obligation was "discharged," R. at 17, but again, he cites no authority for this proposition. And even if he is correct that at the time of his 1990 conviction he was "never notified of the [restitution] amount or given an opportunity to challenge it," *id.* at 16, that does not establish that those now being sued violated his constitutional rights. The district court properly dismissed this claim.

### E.    Photocopying Charges

Dmytryszyn's final claim was that prison officials abridged his right of access to the courts by charging exorbitant photocopying fees (25¢ per page) for legal documents. To state a valid claim for denial of access to the courts, Dmytryszyn had to allege "actual injury from interference with his access to the courts—that is, that [he] was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee*, 627 F.3d at 1191. But he made no effort to show that he was

prevented from pursuing a *nonfrivolous* claim. Although he alleged that he was deterred from "pursuing certiorari review of his challenge to his prior conviction, despite the fact that he knows the conviction is unconstitutional," R. at 21, this bare assertion of a constitutional violation is "too conclusory to present a plausible claim that he was impeded in his effort to pursue a nonfrivolous legal claim," *Gee*, 627 F.3d at 1191. The district court properly dismissed this claim for failing to state a violation of Dmytryszyn's rights.

## III. CONCLUSION

We AFFIRM the judgment of the district court and GRANT Dmytryszyn's motion to proceed *in forma pauperis*. He is reminded of his continuing obligation to make partial payments until the filing fee has been paid in full.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge