**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN PATRICK FLETCHER,

     Plaintiff - Appellant,

v.

RICK RAEMISCH; KRISTIN
LIGHTHALL,

     Defendants - Appellees.

No. 19-1046
(D.C. No.1:18-CV-03021-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]

---

Appellant John Patrick Fletcher, a Colorado state prisoner, appeals pro se the district

court's order dismissing his amended complaint without prejudice. Initially, Mr. Fletcher

filed a pro se civil rights complaint against two prison officials under 42 U.S.C. § 1983. In

his complaint, Mr. Fletcher asserted seven claims for relief that alleged violations of his

rights under the Eighth, Thirteenth, and Fourteenth Amendments because, according to the

---

[*] This order and judgment is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this appeal.
*See* Fed. R. Civ. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument.

complaint, he is required to work at the prison. A magistrate judge reviewed the allegations of the complaint and entered an order directing Mr. Fletcher to file an amended complaint because his initial complaint did not comply with Fed. R. Civ. P. 8. Specifically, the magistrate found the complaint "fail[ed] to provide a short and plain statement of his claims." The magistrate judge warned Mr. Fletcher that if the amended complaint suffered from the same errors as the complaint, the district court would dismiss the amended complaint.

Mr. Fletcher timely filed an amended complaint wherein he alleged ten claims related to the work requirements at the prison. After reviewing the amended complaint, the district court again concluded Mr. Fletcher failed to present his claims "in a concise and short manner" and his allegations were "repetitive and for the most part conclusory statements" of law. The district court dismissed Mr. Fletcher's amended complaint because it too failed to comply with Rule 8. The district court determined any appeal from its order would not be taken in good faith and denied Mr. Fletcher's request to appeal in forma pauperis. After the district court denied Mr. Fletcher's Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e), Mr. Fletcher appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice under Fed. R. Civ. P. 41(b). Although the plain text of Rule 41(b) requires a defendant's motion to dismiss, "the Rule has

2

long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630‒31 (1962)).

We review a district court's dismissal under 41(b) for an abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). We also review a district court's ruling on a Rule 59(e) motion for abuse of discretion. *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). We liberally construe a pro se litigant's pleadings, but do not "assume the role of advocate for the pro se litigant." *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

\* \* \*

First, Mr. Fletcher contends the district court abused its discretion when it dismissed his amended complaint for failing to comply with Rule 8. The district court concluded Mr. Fletcher's amended complaint failed to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) because it did not include "a short and plain statement of the claim showing that the pleader is entitled to relief." The district court also determined the allegations in the amended complaint were "repetitive and for the most part conclusory statements of case law, State of Colorado Statutes, and DOC Administrative Regulations." Additionally, the court concluded the amended complaint lacked specific facts to demonstrate either defendant's personal participation in the alleged deprivation of his constitutional rights. We agree the amended

3

complaint did not comply with Rule 8, in part, because it did not include facts to support even the most basic premises of Mr. Fletcher's claims. For example, Mr. Fletcher complained the prison's work policy violated his Eighth, Thirteenth, and Fourteenth Amendment rights because the policy forced him to work. But his amended complaint never identified any type of forced labor he endured. Instead, he merely stated he "provided service and labor." Even under a liberal construction, Mr. Fletcher's amended complaint is not plausible on its face. Accordingly, the district court did not abuse its discretion by dismissing Mr. Fletcher's amended complaint without prejudice.

Second, Mr. Fletcher contends the district court erred in using *Ruark v. Solano*, 928 F.2d 947 (10th Cir. 1991) to reject his Thirteenth Amendment claims. The plain language of the Thirteenth Amendment's prohibition on "slavery [or] involuntary servitude" does not apply to "a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII. This Court, in *Ruark*, held: "[t]he thirteenth amendment's restriction on involuntary servitude does not apply to prisoners." *Ruark v. Solano*, 928 F.2d at 949–50, *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). Since *Ruark*, we have reaffirmed this holding and it remains good law. *See, e.g.*, *Dmytryszyn v. Hickenlooper*, 527 F. App'x 757, 760 (10th Cir. 2013) (unpublished). Nothing in the amended complaint called this case into question. Accordingly, the district court properly concluded *Ruark* foreclosed Mr. Fletcher's Thirteenth Amendment claim.

Third, Mr. Fletcher contends 42 U.S.C. § 1997e(e) violates a prisoner's First

4

Amendment right to petition the government for a redress of grievances. This statute provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Contrary to Mr. Fletcher's claim, this statute does not restrict his access to the courts. "[Section] 1997e(e) only limits the relief to which [inmates] are entitled; it does not restrict their access to the courts to press claims for which the substantive law provides an underpinning." *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997). Accordingly, 42 U.S.C. § 1997e(e) is a permissible restriction on the availability of damages and does not impinge on Mr. Fletcher's access to the courts.

Finally, Mr. Fletcher contends the district court did not have "jurisdiction" to rule on his motion objecting to the judges' "criminal victimiz[ation]" of him. Although Mr. Fletcher phrased this as a matter of jurisdiction, we construe his argument as a challenge to the district court judges' failure to recuse themselves from the proceedings. After summarily denying Mr. Fletcher's first motion for recusal, the district court denied Mr. Fletcher's Motion to Alter or Amend under Rule 59(e) because "[n]othing Plaintiff asserts in the Motion demonstrates that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving." Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Under that section, a judge is not required to recuse "based on

5

unsubstantiated suggestions of personal bias or prejudice." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 660–61 (10th Cir. 2002). Because Mr. Fletcher offered no evidence to substantiate his allegations that the judges "destroy[ed] material video and audio evidence of the defendants committing multiple felonies," the district court did not abuse its discretion when it denied Mr. Fletcher's Rule 59(e) Motion.

IV.

We affirm the district court's dismissal of Mr. Fletcher's amended complaint without prejudice. We deny Mr. Fletcher's motion to proceed in forma pauperis and remind him of his obligation to pay in full the filing and docket fees. We further deny all other outstanding motions, including the "Notice of Challenge to Constitutionality" and the "Motion for Leave to Notify Court Celia A. Schwartz, Legal Assistant II, Has, Is, and Will Continue to Obstruct Service to Party(s) Opposed."

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

6