FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JETT GARRIOTT ADAMS,

    Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS MEDIUM
CORRECTIONAL INSTITUTION
WARDEN, in his official capacity, a/k/a
Seth Norris; WYOMING DEPARTMENT
OF CORRECTIONS DIRECTOR, in his
official capacity, a/k/a Daniel Shannon;
WYOMING DEPARTMENT OF
CORRECTIONS,

    Defendants - Appellees.

No. 25-8018
(D.C. No. 1:25-CV-00025-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.[**]

_____

The Thirteenth Amendment's prohibition against slavery and involuntary

servitude expressly does not apply to prison labor.  Plaintiff alleges that the prison at

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.

which he is incarcerated violated his Thirteenth Amendment rights when it paid him less than minimum wage to work as a prison janitor.  He appeals the district court's dismissal of his complaint as frivolous.  We have jurisdiction under 28 U.S.C. § 1291, but we dismiss Plaintiff's appeal under 28 U.S.C. § 1915(e)(2)(B)(ii) and deny his motion to proceed *in forma pauperis*.

I.

Plaintiff Jett Adams is a prisoner serving life without parole at the Wyoming Department of Corrections Medium Correctional Institution ("WMCI").  From December 2023 to February 2024, Plaintiff worked in the prison as a nighttime janitor.  For his work, the prison paid him forty cents per hour.  He alleges that, in October 2024, a caseworker told him he needed to get a new job within the prison.  Plaintiff refused, stating that he needed to be paid a "regular" wage.  He also asked for backpay for his time as a janitor.  The caseworker told him that because he was an inmate he would be paid the same as other inmates.  Plaintiff unsuccessfully attempted to solve his wage issues with another caseworker and through the prison's grievance process.

Plaintiff then filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that the prison violated his Thirteenth Amendment rights.[1]  Plaintiff argued that WMCI requiring

---

[1] Plaintiff also mentioned the Fourteenth Amendment in his complaint, but did not provide any analysis or develop the argument below or on appeal.  So we do not address issues that might involve the Fourteenth Amendment.  See Leathers v. Leathers, 856 F.3d 729, 753 (10th Cir. 2017) (citing Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992)) (declining to consider argument based on bare assertion "without elaborating further or citing any legal authority in support").  Regardless, "[a] prisoner has no basis for asserting a violation of due process simply because he is made or allowed to work for low pay as punishment for a crime of which he was lawfully convicted." Griffin v.

2

its prisoners to work for less than minimum wage is slave labor and thus unconstitional. The district court screened Plaintiff's complaint under 28 U.S.C. § 1915A and determined it failed to state a claim upon which relief may be granted. It cited our unpublished opinion in Dmytryszyn v. Hickenlooper, where we determined that the Thirteenth Amendment did not apply to a prisoner's complaint of being paid below minimum wage as a prison janitor. 527 F. App'x 757, 760 (10th Cir. 2013) (unpublished). In addition to finding that the complaint failed to state a claim upon which relief may be granted, the district court additionally found Plaintiff's complaint to be frivolous and dismissed his complaint with prejudice.

Plaintiff timely appealed, arguing that the district court improperly dismissed his complaint. He asserts that the Thirteenth Amendment does not bar his § 1983 claim, arguing that the Thirteenth Amendment's exception applies only if the labor is the punishment, rather than the prison sentence itself being the punishment. Plaintiff cites an excerpt from the WMCI Operating Procedures that states that "[i]nmates are sent to prison as punishment not for punishment" to support his argument that his low wage job is not punishment under the Thirteenth Amendment. He claims that Wyoming law also supports the understanding that the work inmates perform in prison is not done "as punishment" that would except it from Thirteenth Amendment protection. Plaintiff also moves to proceed *in forma pauperis*.

II.

---

Hickenlooper, 549 F. App'x 823, 827 (10th Cir. 2013) (unpublished) (quoting Serra v. Lappin, 600 F.3d 1191, 1196 (9th Cir. 2010)).

As discussed above, the district court dismissed Plaintiff's complaint for being frivolous and for failing to state a claim upon which relief may be granted after first screening it pursuant to § 1915A. In analyzing Plaintiff's appeal, we similarly consider whether the appeal is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). If we determine the appeal is frivolous, we must dismiss the appeal. "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.'" Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987) (quoting Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir. 1984)). We have also described frivolous appeals as lacking an arguable basis in law or fact. Thomas v. Muskogee Sheriff's Dept., 160 F. App'x 714, 715 (10th Cir. 2005) (unpublished) (appeal frivolous where "it lacks an arguable basis in either law or fact" (quoting Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002))).

Plaintiff's position on appeal is frivolous. The Thirteenth Amendment prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted. . . ." U.S. Const. amend. XIII, § 1. It is well-settled that: "[w]here a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises." Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) (quoting Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963)); Ruark v. Solano, 928 F.2d 947, 949–50 (10th Cir. 1991) (citing Omasta, 696 F.2d at 1305), overruled on other grounds by, Lewis v. Casey, 518 U.S. 343 (1996). Thus, paying prisoners less than minimum wage—or not paying them at all—for prison jobs does not violate the Thirteenth Amendment. Aceves v. Jeffers, 196 F. App'x 637, 639 (10th Cir. 2006) (unpublished); Dmytryszyn, 527 F. App'x at 760; Omasta, 696

4

F.2d at 1305; Murray v. Miss. Dep't of Corr., 911 F.2d 1167, 1167–68 (5th Cir. 1990). This law is clear and well-settled.

Plaintiff's claim mirrors the plaintiff's claim addressed in our unpublished Dmytryszyn. There, the plaintiff accused the prison of violating his Thirteenth Amendment rights when it required him to work as a prison janitor for pay below the federal minimum wage. Dmytryszyn, 527 F. App'x at 760. We determined that the distict court properly dismissed Dmytryszyn's claim because the Thirteenth Amendment does not apply to prisoners. Id. We conclude the district court properly dismissed Plaintiff's complaint in this case for the same reason—namely that it has no arguable basis in law or fact.

Plaintiff argues that "Dmytryszyn . . . is not relevant to this case," because the Thirteenth Amendment "should be applied and interpreted in the fashion it was used" when it was ratified. But we must be true to the text. Indeed, "[t]he first and most important rule in constitutional interpretation is to heed the text—that is, the actual words of the Constitution . . . ." United States v. Rahimi, 602 U.S. 680, 715 (2024) (Kavanaugh, J., concurring). And as discussed above, the plain text establishes that the Thirteenth Amendment's restriction on involuntary servitude does not apply to prisoners. Ruark, 928 F.2d at 949–50.

Plaintiff also argues that WCMI's operational procedure—"[i]nmates are sent to prison as punishment not for punishment"—distinguishes his case from our established body of law and conflicts with the Thirteenth Amendment's exception permitting "slavery . . . *as* a punishment for crime." U.S. Const. amend. XIII, § 1 (emphasis added).

5

Plaintiff contends that his punishment is the prison sentence itself, not the labor required while serving his sentence. By working for less than minimum wage, his argument goes, the prison subjects him to "continual punishment" in violation of the Thirteenth Amendment. But the cited operational procedure does not affect the nature of Plaintiff's sentence. Instead, it governs prison staff's conduct and appears to be no more than a prescriptive statement reminding the guards of their role in policing the prisoners rather than punishing them. And in any event, "the labor he complains of is one component of his sentence of incarceration." Dmytryszyn, 527 F. App'x at 760. Wyoming's statute permissively allowing prisoners be paid for their work or its definition of "hard labor" do not, as Plaintiff suggests, change this reality.

## III.

Finally, Plaintiff moves to proceed *in forma pauperis*. To proceed *in forma pauperis*, Plaintiff must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962)). Under the second requirement, a complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the reasons stated above, we hold that Plaintiff's action is frivolous and does not meet the requirements to proceed *in forma pauperis*. Because we hold that this action is frivolous, this counts as Plaintiff's second strike under 28 U.S.C. § 1915(g). See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780

(10th Cir. 1999) <u>overruled in part on other grounds by,</u> <u>Coleman v. Tollefson</u>, 575 U.S. 532 (2015).  We also remind Plaintiff that the dismissal of this appeal does not relieve him of his obligation to pay the filing fee in full.  <u>See</u> <u>Kinnell v. Graves</u>, 265 F.3d 1125, 1129 (10th Cir. 2001).

Plaintiff's appeal is wholly without merit and lacks an arguable basis both in law and fact.  We therefore DISMISS the appeal and DENY Plaintiff's motion to proceed *in forma pauperis*.

Entered for the Court

Joel M. Carson III
Circuit Judge