FILED
United States Court of Appeals
Tenth Circuit

December 12, 2013

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

HENRY LEE GRIFFIN, JR.,

Plaintiff-Appellant,

v.

JOHN W. HICKENLOOPER, as
Governor of the State of Colorado, in his
official capacity; RICK RAEMISCH, in
his official capacity;[*] TOM CLEMENTS,
in his individual capacity;[**] JOHN L.
DAVIS, in his individual and official
capacity,

Defendants-Appellees.

No. 13-1126
(D.C. No. 1:11-CV-03380-REB-BNB)
(D. Colo.)

---

[*] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Rick
Raemisch is substituted in his official capacity for Roger Werholtz, Interim
Executive Director of the Colorado Department of Corrections, who was previously
substituted for Tom Clements, Executive Director of the Colorado Department of
Corrections, as a Defendant-Appellee in this action.

[**] Mr. Clements is deceased. Mr. Griffin asserted a claim against him in both
his official and individual capacities. Our substitution of Mr. Raemisch for
Mr. Clements under Fed. R. App. P. 43(c)(2) affects only the official-capacity
allegations. Because we affirm the district court's dismissal of Mr. Griffin's entire
claim against Mr. Clements, however, we need not substitute an appropriate party
for Mr. Clements in his individual capacity. *See Kincaid v. Rusk*, 670 F.2d 737, 741
n.3 (7th Cir. 1982) (stating court of appeals did not have to determine whether it
should have substituted current sheriff "or any other person" for purposes of
individual-capacity claim against deceased sheriff sued in both official and individual
capacities, where dismissal of individual-capacity claims against sheriff was
appropriate), *abrogation on other grounds recognized in Salazar v. City of Chicago*,
940 F.2d 233, 240 (7th Cir. 1991).

**ORDER AND JUDGMENT**[***]

---

Before **GORSUCH**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Henry Lee Griffin, Jr., appeals pro se from the dismissal of his prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983. The district court dismissed two of his claims on screening. *See* 28 U.S.C. § 1915(e)(2)(B). It then referred the remaining three claims to a magistrate judge. The district court adopted the magistrate judge's recommendation and dismissed the remaining three claims for failure to state a claim.

In addition to the dismissals, Mr. Griffin challenges the district court's order staying discovery and its award of costs in favor of defendant Hickenlooper. We affirm in part, and dismiss the appeal in part.

## I. Dismissal For Failure to State a Claim

We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded

---

[***] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

factual allegations must, when taken as true and viewed in the light most favorable to the plaintiff, state a claim for relief "'that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Because [Mr. Griffin] is proceeding pro se, we liberally construe his filings." *Id.* at 1125.

## A.  Challenge to Colorado's "Three Strikes" Provision

Mr. Griffin's first claim presents a constitutional challenge to Colo. Rev. Stat. § 13-17.5-102.7(1).  This state-law provision concerns inmates who have on three or more occasions bought a civil action based upon prison conditions that has been dismissed for one of several enumerated reasons, including frivolousness.  Under the statute, such inmates are prohibited from proceeding at public expense in subsequent proceedings.  We previously upheld the validity of a similar federal law against challenges like those Mr. Griffin raises.  *See, e.g.*, *White v. Colorado*, 157 F.3d 1226, 1232-35 (10th Cir. 1998) (addressing constitutional challenges to 28 U.S.C. § 1915(g)).  He provides us with no good reason to reach a different result concerning his constitutional challenges to the substantially similar provisions of § 13-17.5-102.7(1).[1]  We therefore affirm the dismissal of this claim.

---

[1]    Mr. Griffin's argument that 28 U.S.C. § 1915(b)(4) preempts § 13-17.5-102.7(1) is frivolous.  The language he quotes from § 1915(b)(4), considered in context, does not conflict with the three-strikes requirement under either federal or state law.

## B. Challenge to Temporary Denial of Privileges

Mr. Griffin's second claim attacks the constitutionality of another Colorado statute, Colo. Rev. Stat. § 17-20-114.5, and a concomitant regulation, AR 600-05. These provisions permit the Colorado Department of Corrections to deny privileges to inmates in state correctional facilities as a disciplinary measure. Among the privileges affected by the statute and regulation are the inmate's use and enjoyment of personal items such as television, radio, entertainment systems, or snacks. Such items, Mr. Griffin argues, are "property" owned by the inmates under Colorado law and therefore cannot be considered a privilege that can be taken from them as a disciplinary measure. This being the case, he contends, the challenged statute and regulation interfere with his state-created property and/or liberty interest in the use of his property without due process of law.

The district court, relying on *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), concluded that the temporary deprivation of Mr. Griffin's property for disciplinary reasons was "not an atypical, significant hardship of prison life" and therefore could not give rise to a due process claim. R., Vol. I at 165. We agree. We therefore affirm the dismissal of this claim. (We address Mr. Griffin's complaints about permanent deprivation of his property, *infra*.)

## C. Challenge to Involuntary Servitude/Inadequate Compensation

In his third claim, Mr. Griffin challenges the constitutionality of Colo. Rev. Stat. § 17-20-115, which requires inmates to work. He contends this

statute deprives him of the full value of his labor and subjects him to involuntary servitude. He further argues that the statute deprives him of due process because he did not receive specific notice that he would be required to work as part of his criminal proceedings and because the work requirement was not expressly made part of his judgment and sentence.

Requiring Mr. Griffin to work in prison for prison wages is not unconstitutional. The Thirteenth Amendment expressly permits "involuntary servitude" as "punishment for crime whereof the party shall have been duly convicted." U.S. Constitution, Amend. XIII, § 1. "A prisoner has no basis for asserting a violation of due process simply because he is made or allowed to work for low pay as punishment for a crime of which he was lawfully convicted." *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010).

As to his due-process argument claiming a lack of notice, the alleged deprivations of his liberty and property were not accomplished without due process of law; rather, Mr. Griffin was convicted of a crime, and the labor he complains of is one component of his sentence of incarceration. He cites no authority requiring that, as part of his criminal proceedings or individual judgment and sentence, an inmate be notified of every incident of prison life, including the obligation to work. In addition, the very statute Mr. Griffin challenges puts inmates on notice that if convicted, they are obligated to work. *See* Colo. Rev. Stat. § 17-20-115. This claim was therefore properly dismissed.

## II. Claims Dismissed on Screening

We review a dismissal for frivolousness under § 1915(e)(2)(B)(i) for an abuse of discretion. *See Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). To the extent the dismissal for frivolousness turns on an issue of law, however, we review it de novo. *Id.*

### A. Due-Process Claim Involving Seizure and Disposal of Property

In his fourth claim, Mr. Griffin charged that AR 850-06—governing disposition of inmate property—is unconstitutional on its face and as applied to him. The district court rejected the facial challenge because Mr. Griffin failed to show that the regulation was "unconstitutional in all of its applications." R., Vol. I at 77. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) (stating standard).

Mr. Griffin argues, incorrectly, that this facial challenge standard does not apply to administrative regulations like AR 850-06. *See, e.g., Reno v. Flores*, 507 U.S. 292, 300-01 (1993) (holding *Salerno* test applicable to facial challenge to INS regulation); *Scherer v. U.S. Forest Serv.*, 653 F.3d 1241, 1243 (10th Cir. 2011) ("To prevail in [a] facial challenge to an agency's regulation, the plaintiff[] must show that there is 'no set of circumstances' in which the challenged regulation might be applied consistent with the agency's statutory authority."). Alternatively, he argues that his complaint meets the *Salerno* test, because AR 850-06 conflicts with certain Colorado statutes, making it "statutorily void [and] unconstitutional in all of its applications." Aplt. Opening Br. at 6. We disagree. Mr. Griffin fails to show that

the Colorado statutes he cites, which provide the Colorado Department of Corrections with authority to operate a canteen for the benefit of inmates, are in conflict with AR 850-06, which governs inmate personal property.

We turn to the "as-applied" challenge. In his complaint, Mr. Griffin claimed that Mr. Clements

> authorized his CDOC employees to deprive me of $603.14 of my personal property by taking it and throwing it in an authorized CDOC CSP Dumpster without my authorization and I never received just compensation for my personal property, therefore 850-06 violated and caused injury to my Fifth and Fourteenth Amendment rights.

R., Vol. I at 55.

The district court concluded that there was no procedural due process violation because Mr. Griffin had adequate post-deprivation remedies: he could pursue the prison grievance procedure and/or file an action in state court. *See Hudson v. Palmer*, 468 U.S. 517, 533, 536 n.15 (1984) (stating unauthorized destruction of property by state employee requires post-deprivation remedy; such remedy may include prison grievance procedure). But Mr. Griffin does not assert that Mr. Clements committed an act unauthorized by state procedure. Rather, he claims that the deprivation *resulted from* an established state procedure. Post-deprivation remedies alone are insufficient where the deprivation of property results from an established state procedure. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982).

Nevertheless, we affirm the dismissal of this claim, because Mr. Griffin was provided with both adequate pre-deprivation and post-deprivation remedies. We have previously held that due process is satisfied when a prison provides a meaningful opportunity for the inmate to send unauthorized property to someone outside the prison as an alternative to having it destroyed. *Searcy v. Simmons*, 299 F.3d 1220, 1229 (10th Cir. 2002). Here, the DOC regulations provided Mr. Griffin with notice of the seizure and an opportunity to direct the disposition of his property as an alternative to its destruction.

AR 850-06 provides that "[u]nauthorized property will be disposed of in accordance with AR 300-06, *Searches and Contraband Control*." CDOC Reg. 850-06(IV)(A)(7). Under AR 300-06, prison officials may dispose of property that is determined to be contraband. *See* CDOC Reg. 300-06(III)(D), 300-06(IV)(S). If an inmate can prove ownership and the item does not pose a security risk, the inmate may mail it from the prison at his or her own expense. CDOC Reg. 300-06(IV)(S)(6)(d). If the inmate lacks available funds to mail the item out within ten days of notice, the item may be destroyed or in some cases donated to charity. *Id.*

According to an affidavit attached to his amended complaint, Mr. Griffin received the appropriate notice and did mail some of his unauthorized property outside of the prison pursuant to the prison policy. Other property apparently was destroyed because at the time of disposition Mr. Griffin did not have adequate funds in his prison account to cover mailing costs. But Mr. Griffin does not assert that his

- 8 -

lack of funds denied him a meaningful opportunity to mail out the property before it was destroyed.

In *Searcy*, the inmate lost only the possession of his property and not its ownership. *Searcy*, 299 F.3d at 1229. Here, Mr. Griffin lost all of his property rights once the property was destroyed. But, as the district court found, if aggrieved by the destruction, Mr. Griffin had a post-deprivation remedy. He could file an action in state court or pursue the inmate grievance process to obtain redress.

Mr. Griffin argues that the state-court remedy was inadequate, because although he filed a state-court suit, it was dismissed due to his inability to pay the filing fee. We need not consider this argument, however, because he does not challenge the district court's alternate finding: that the prison grievance procedure itself provided an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 536 n.15 (indicating prison grievance procedure can provide adequate post-deprivation remedy); *Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995) (same).[2] Given the availability of both adequate pre-deprivation and post-deprivation remedies, Mr. Griffin suffered no deprivation of his procedural due process rights.[3]

---

[2] Mr. Griffin states that he pursued the grievance process, but it was unsuccessful. But a remedy is not inadequate merely because it is unsuccessful.

[3] As worded in his complaint, Mr. Griffin's fourth claim included occasional references to "just compensation" for his loss. R., Vol. I at 55-56. But in his opening brief in this court, he focuses all of his arguments on the alleged denial of procedural due process. We therefore will not consider whether his complaint stated a separate claim for "just compensation."

- 9 -

### B. Warden's Failure to Prevent Use of False Evidence

Finally, in his fifth claim, Mr. Griffin alleged that Warden John L. Davis unconstitutionally permitted prison employees to use false evidence against him at a disciplinary hearing that resulted in his being sentenced to fifteen days of disciplinary segregation. The district court concluded this claim failed because Warden Davis had not personally participated in the alleged constitutional violation.

Mr. Griffin's complaint recites that after disciplinary charges were brought against him, but prior to the hearing on those charges, he sent an offender communication form to Warden Davis requesting that the warden intervene in the pending disciplinary proceeding to prevent a violation of his procedural due process rights through the use of false evidence. He complains the warden "failed to take reasonable steps to remedy a foreseeable unconstitutional hearing," resulting in his conviction and sentence to punitive segregation. R., Vol. I at 57.

We affirm, but on a different basis than that cited by the district court. We conclude that Mr. Griffin has failed to allege a plausible due process claim. He admits that once convicted of the offense, he was permitted to appeal his conviction to the warden, and he affirmatively states that the warden upheld his conviction on appeal. He thus had an opportunity to present his false evidence claim to the warden, and to have it ruled upon. Given this opportunity, he fails to show that the warden's

alleged lack of response to his pre-hearing notice denied him due process.[4]  The

district court therefore properly dismissed this claim.

## III.  Stay of Discovery

Shortly before defendant Hickenlooper filed his motion to dismiss, Mr. Griffin

served written interrogatories on him.  Mr. Hickenlooper then filed a motion to stay

discovery.  The magistrate judge granted the motion.  Mr. Griffin did not appeal to

the district court from the magistrate judge's grant of the stay of discovery.  We

therefore cannot consider his appeal from the magistrate judge's order.  *See, e.g.,*

*SEC v. Merrill Scott & Assoc.*, 600 F.3d 1262, 1269 (10th Cir. 2010) (noting that

litigant's failure to file objections to magistrate judge's non-dispositive order "strips

us of jurisdiction to review the challenged order").

## IV.  Award of Costs

In its final judgment, the district court awarded defendant Hickenlooper his

costs, to be taxed by the clerk of court.  Defendants have never filed a bill of costs;

nor has the district court taxed any specific amount of costs against Mr. Griffin.  We

therefore lack appellate jurisdiction over the issue of costs.  *See, e.g., Mekdeci ex rel.*

*Mekdeci v. Merrell Nat'l Labs*, 711 F.2d 1510, 1523 (11th Cir. 1983).

---

[4]      Mr. Griffin now complains of Warden Davis's actions in connection with the disposition of his appeal, and of the warden's alleged "failure to supervise" his employees.  *See* Aplt. Reply Br. at 5-7.  Although he asserts that these allegations were part of his complaint, we disagree.  The allegations will therefore not be considered in evaluating whether he has stated a claim.

**CONCLUSION**

The judgment of the district court is affirmed. We dismiss Mr. Griffin's appeal from the order staying discovery and from the award of costs for lack of jurisdiction. Mr. Griffin's request to proceed in forma pauperis on appeal is granted, and he is reminded of his obligation to continue making partial payments until the final fee has been paid. His request for costs on appeal is denied.

Entered for the Court

Stephen H. Anderson
Circuit Judge