Leonard George, Jr., Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

### William R. OMASTA, Jr., Plaintiff-Appellant,

v.

### Louie L. WAINWRIGHT, etc., et al., Defendant-Appellee.

### No. 81-5798

### Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 1983.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

In April 1975, appellant William R. Omasta was convicted of obtaining property through the use of worthless checks and was sentenced to a term of five years. He was incarcerated pursuant to a presumptively valid judgment and commitment order issued by the Orange County, Florida,

Circuit Court. As secretary of Florida's Department of Corrections, appellee had a statutory duty to receive the appellant into the department's custody. *See* Fla.Stat. Ann. §§ 944.16 and 944.17.[1] After he had served approximately three years of his sentence, appellant's conviction was reversed and the case remanded for a new trial. The state, however, chose not to prosecute the appellant, and he was released from custody in March 1978.

Appellant subsequently filed this 42 U.S.C. § 1983 action, seeking payment at the minimum wage for the hours he worked during his three years of confinement. Appellant contends that because his conviction was reversed his incarceration was unconstitutional from its inception. Therefore, he argues, he was subjected to involuntary servitude in contravention of the thirteenth amendment[2] and should be compensated for the hours he worked while imprisoned. The district court granted summary judgment for the appellee.

This is a case of first impression in this circuit. Neither the former Fifth Circuit nor this court has addressed the precise issue presented by Omasta's claim. We are not, however, without guidance. Other circuits have held that "[w]here a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." *Draper v. Rhay,* 315 F.2d 193, 197 (9th Cir.) (citation omitted), *cert. denied,* 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963). *Accord Ray v. Mabry,* 556 F.2d 881 (8th Cir.1977).

We find no merit in appellant's claim and hold that where a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a court of competent jurisdiction and is forced to work pursuant to prison regulations or state statutes, the thirteenth amendment's prohibition against involuntary servitude is not implicated. This holding applies even though the conviction may be subsequently reversed. Finding no error, we affirm the grant of summary judgment to appellee Wainwright.

AFFIRMED.

---

1. Fla.Stat.Ann. § 944.16 (West 1982) provides:

    All prisoners shall be delivered to the custody of the department at such reception and classification centers as shall be provided for this purpose. No prisoner shall be received by the department, unless the sheriff, United States Marshal, or other officer having such prisoner in charge, shall also deliver a commitment in due form issued by authority of the court committing such prisoners.

    Fla.Stat.Ann. § 944.17 (West 1982) provides:

    The department shall design and supply to the several clerks of the courts a uniform commitment to be used by said clerks in the issuing of commitments to the department of all persons who may be convicted and sentenced in their respective courts. No prisoner shall be received into the custody of the department by other commitment forms.

2. U.S. Const.Amend. XIII provides:

    Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

    Section 2. Congress shall have power to enforce this article by appropriate legislation.