DLD-191                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1444
_____

TROY CONNELLY,
                              Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:16-cv-01762)
District Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 13, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed:  April 27, 2017)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Troy Connelly appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights complaint for failure to state a claim. For the following reasons, we will summarily affirm.

On December 17, 2003, Connelly was sentenced in the Philadelphia Court of Common Pleas to an aggregate sentence of 85 to 170 years of imprisonment after being convicted in four cases of three counts of rape, four counts of kidnapping, and one count each of attempted sexual assault and robbery. Connelly was committed to the custody of the Pennsylvania Department of Corrections ("DOC") and eventually housed at the State Correctional Institution in Greene, Pennsylvania ("SCI-Greene"). On October 16, 2013, presumably in response to an inquiry, a records supervisor at SCI-Greene created an "Agency Attestation of Nonexistence of Records" form indicating that she was not in possession of the sentencing orders from Connelly's state court cases. Thereafter, Connelly filed a complaint in the Greene County Court of Common Pleas against the Secretary of the DOC, alleging that, because the trial court never completed a written sentencing order, he was being illegally held in violation of the Thirteenth Amendment and two Pennsylvania criminal statutes. Connelly sought $13 million in damages plus an additional million dollars for every year he has been unlawfully held.

The Secretary removed the case to the Western District of Pennsylvania and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The parties consented to proceed before Magistrate Judge Cynthia R. Eddy, who subsequently

granted the Secretary's motion to dismiss and declined to permit Connelly to file an amended complaint. Connelly appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) de novo. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To decide a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

The prohibition against involuntary servitude in the Thirteenth Amendment is not implicated "where a prisoner is incarcerated pursuant to a presumptively valid judgment." Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (quoting Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983)). Connelly does not contend that he was not convicted or sentenced by the Court of Common Pleas. Instead, he asserts that his confinement is illegal because there is no written sentencing order. Connelly argues that this omission invalidates the DOC's authority to hold him in custody and that he thus is entitled to damages. However, the exhibits attached to the motion to dismiss demonstrate that the trial judge signed written sentencing orders in each of Connelly's

3

cases.[1] In addition, the Clerk of Court drafted and signed multiple commitment sheets. Under these circumstances, we conclude that Connelly has not stated a claim to relief that is plausible on its face. Cf. Joseph v. Glunt, 96 A.3d 365, 372 (Pa. Super. Ct. 2014) (stating that "the trial court correctly concluded that, even in the absence of a written sentencing order, the [DOC] had continuing authority to detain [Petitioner].").

Connelly also contended that he was falsely imprisoned in violation of 18 Pa. Cons. Stat. § 2903, and unlawfully restrained in violation of 18 Pa. Cons. Stat. § 2902. To the extent that Connelly is attempting to bring criminal charges or require the Government to initiate criminal proceedings against the Secretary, as a private citizen, he does not have standing to do so. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent Connelly alleged that the Secretary committed the intentional torts of false imprisonment and unlawful restraint, and sought relief pursuant to the Federal Tort Claims Act, the Secretary enjoys immunity. With exceptions not relevant here, employees of Commonwealth agencies acting within the scope of their duties enjoy immunity for their negligent acts, 42 Pa. Cons. Stat. § 8521, and for intentional torts. Wilson v. Marrow, 917 A.2d 357, 364-65 (Pa. Commw. Ct.

---

[1] The sentencing order for count three of CP-51-CR-0304071-2002, which sentenced Connelly to ten to twenty years for kidnapping, is not signed. The sentencing order for the other count in CP-51-CR-0304071-2002, as well as the sentencing orders in all of the other cases, were signed by the judge. The omission does not deprive the document of legal effect. Cf. Evans v. Sec'y Pa. Dep't of Corr., 645 F.3d 650, 654 n.4 (3d Cir. 2011) (explaining that the omission of the sentencing judge's signature on the commitment

4

2007). Finally, as the Secretary has the authority to hold Connelly in custody and the Secretary is immune from suit, dismissal without leave to amend was proper. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

sheet did not deprive the document of legal effect).