[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15213
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cv-00678-AKK-JEO


JOE DANIEL HOLT, JR.,

                                        Plaintiff - Appellant,

versus

GWENDOLYN GIVENS,
Warden, Individual Capacity,
SCARLOTTE ROBINSON,
Warden, Individual Capacity,
CLEMENT SINK,
Sergeant, Individual Capacity,
NATHAN HOSCH,
Correctional Officer, Individual Capacity,
TERRY TUCKER,
Captain, Individual Capacity, et al.,

                                        Defendants - Appellees,

KAREN CARTER,
Warden, Individual Capacity, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 12, 2018)

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Joe Daniel Holt, Jr., an Alabama state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint for failure to state a claim and for frivolity. We affirm.

**I.**

On April 27, 2017, Holt filed this action against seventeen different prison officials. He alleged the defendants violated his rights during a number of unrelated incidents from November 16, 2015, through April 4, 2017. What follows is a much-abbreviated history of Holt's profligate filings in this case.

Holt quickly moved to amend his complaint to add another defendant and sought an order requiring the prison warden to give him more time in the law library. The magistrate judge granted Holt's motion to amend, providing instructions on how to proceed, but denied Holt's request regarding the law library. Holt then moved for the magistrate judge to recuse himself, arguing the judge had shown himself to be biased against Holt and other *pro se* litigants. The judge

2

declined, noting that prior adverse rulings alone do not support a finding of bias. Holt did not ask the district court to review this ruling.

Holt amended his complaint, which now included nineteen defendants and again alleged numerous unrelated incidents. Holt then moved to add yet another defendant. The magistrate judge granted the motion, but again provided detailed, cautionary instructions. In particular, he explained that Rule 20(a) precludes "unrelated claims against unrelated defendants" and that "claims based on criminal provisions . . . are not permissible in a § 1983 action." When Holt moved to add another unrelated defendant, the magistrate judge gave him "the benefit of the doubt" that he had not received the previous instructions. Holt's second amended complaint continued to assert unrelated claims—some based on criminal provisions of the United States Code—against unrelated defendants. The magistrate judge struck the second amended complaint, telling Holt he would have one more chance to file a "Final Amended Complaint" that complied with the court's orders.

Holt's "Final Amended Complaint" contained numerous claims against thirteen defendants from four separate facilities within the Alabama Department of Corrections. The complaint is styled "Complaint Under Continuous Tort Act and 42 U.S.C. §§ 1981, 1983, [and] 1985." Its preamble states that the action is

3

brought under those statutes,[1] as well as the First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, various Alabama statutes, and various prison regulations. The complaint and attached affidavit allege:

- Some defendants issued Holt frivolous behavior citations that violated institutional regulations, and supervisors failed to investigate those citations.
- At different times/places (Holt's prison cell and his place of employment), various defendants seized Holt's personal effects, including his eating spoon, thermal cup, prayer oil, $96.25, "approximately 10 self-addressed stamped envelopes," empty cell phone box inside a stamped manila envelope, and cell phone (which he says he was allowed to have).
- Holt was transferred from a work-release facility, where he was paid, to a different facility, where he was not paid and was placed in segregation for three weeks.
- While in segregation, Holt was denied hot water for four days while it was being repaired; was allowed to a shower only every other day for roughly three weeks; was handcuffed while removed from the segregation cell; was denied visitation and phone privileges; and was allowed to use only a dull, battery-operated shaver.
- Holt was assigned two hours of extra duty for 30 days, followed a week later by three hours of extra duty for 45 days. He also lost his phone and canteen privileges for 45 days and visitation privileges for 180 days.
- Holt's status was upgraded from minimum security to medium security, resulting in a transfer to a new facility, which put his "life in danger" and restricted his library access.
- Holt had to work in "involuntary servitude" for the Department of Corrections.

Pursuant to 28 U.S.C. § 1915A, which requires the district court to screen certain actions by prisoners, the magistrate judge evaluated the complaint and

---

[1] There is no "Continuous Tort Act."

4

recommended dismissal in a 45-page report and recommendation ("R&R").  First, the judge observed that the complaint "still fails to comply with the court's instructions and is therefore subject to dismissal pursuant to Rule 41(b)."  The judge proceeded to describe carefully all of the facts and defendants against whom Holt had alleged any colorable claim of wrongdoing.  He then explained his reasons for finding that Holt failed to state a claim, reasons similar to those set forth below.

Holt objected to the R&R.  The district court overruled Holt's objections. The court analyzed each of Holt's contentions and concluded that they were misstatements of the law (e.g., a claim of the right to a jury at the screening stage), misstatements of what was in the complaint (e.g., an assertion that the defendants worked at two institutions when they really worked at four institutions), or conclusory statements (e.g., a declaration that each claim "has arguable merit in law and fact").  The district court then dismissed the action without prejudice.

Holt timely appealed.  He maintains that the magistrate judge should have recused himself when Holt moved for him to do so.  He also contends that he stated a claim and, therefore, that the district court erred in dismissing the case.

## II.

Holt argues that the magistrate judge is biased against African Americans[2] and "prisoners as pro se litigants." Holt contends that the judge therefore should have recused himself.

"We [] review a denial of a motion for recusal for abuse of discretion." *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008).

First, Holt failed to present the recusal issue to the district court. "A party failing to appeal a magistrate judge's order in a nondispositive matter to the district court may not raise an objection to it on appeal to a circuit court." *Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003); Fed. R. Civ. P. 72(a). Holt's failure to appeal to the district court is sufficient to preclude our review.

In any event, the magistrate judge did not abuse his discretion by refusing to recuse himself for an appearance of impropriety. The standard of review for recusal under 28 U.S.C. § 455(a), on which Holt relies, "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's

---

[2] In his recusal motion, Holt alleged only that the magistrate judge was biased against *pro se* litigants and Holt personally. He did not mention racial bias. "We have long held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991). Thus, we disregard Holt's assertion that the magistrate judge was racially biased.

impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). "Bias sufficient to disqualify a judge under section 455(a) . . . must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (internal quotation marks omitted). Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Holt points to *no* extrajudicial evidence of bias, let alone any that demonstrates the type of pervasive bias required for recusal. His entire case for bias rests on prior adverse rulings. A thorough review of the record could not lead a disinterested observer to harbor doubts about the magistrate judge's impartiality. In fact, the magistrate judge conducted a careful review of Holt's case and even gave Holt "the benefit of the doubt" when it appeared that Holt had ignored the court's instructions.

### III.

### A.

Holt also contends that his complaint stated a claim and that the district court erred in dismissing the action.[3]

---

[3] Rule 20(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff sue defendants only based on facts "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that there be a question of law or fact "common to all

The district court dismissed Holt's complaint pursuant to 28 U.S.C. § 1915A. Section 1915A(a) provides that the district "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss the complaint, or any portion of it, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

Under the statute, a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). In other words, the standard from Rule 12(b)(6) of the Federal Rules of Civil Procedure applies. "Factual allegations must be enough to raise a right to relief above the speculative level" and must meet "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*,

---

defendants." The magistrate judge noted, in his R&R adopted by the district court, that Holt's repeated failure to comply with Rule 20 rendered his complaint "subject to dismissal pursuant to Rule 41(b)." Rule 41(b) allows a district court to dismiss an action if the plaintiff fails to comply with the Rules or a court order. And although the Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed," it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, the district court may have been within its discretion to dismiss the action under Rule 41(b) as a sanction for failure to comply with Rule 20. But the magistrate judge and the district court never made clear that either wanted to do so. The magistrate judge said only that the action was "subject to" dismissal. Thus, we must reach the merits, as the magistrate judge and district court did.

550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## B.

"A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed *de novo*, taking the allegations in the complaint as true."  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.*[4]

Holt begins by contending that the magistrate judge abandoned "his neutral role" and created arguments for the defendants.  28 U.S.C. § 1915A requires the district court to perform a screening function.  Explaining why Holt's claims failed as a matter of law was the judge's statutory obligation.  The judge concluded the law cut against Holt, but that does not mean the judge was "arguing" against him.

Turning to the specific claims, we note that Holt has abandoned many of them.  "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d

---

[4] We review dismissal for frivolity under § 1915A(b)(1) for abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  But it is unclear whether the district court dismissed for failure to state a claim or dismissed for frivolity.  Indeed, the court concluded its dismissal order as follows: "Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice as frivolous and for failing to state a claim upon which relief can be granted."  We thus apply the standard that favors Holt and review *de novo*.

870, 874 (11th Cir. 2008) (internal citation omitted).  We discuss the only claims

raised in Holt's brief, which are all brought under 42 U.S.C. § 1983.[5]

Holt argues he stated a First Amendment claim[6] because the defendants took

his prayer oil.  "To plead a valid free exercise claim, [the plaintiff] must allege that

the government has impermissibly burdened one of his sincerely held religious

beliefs."  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007) (internal

quotation marks omitted).  Holt has not, at any time, identified any religious belief

he holds, why the prayer oil is necessary to that belief, and how being without the

oil burdens his practice of religion.  He has failed to state a free exercise claim.

Holt contends that another basis for his First Amendment claim is the fact

that he was disciplined for possessing the prayer oil.  We interpret his claim

liberally to mean that the disciplinary action was frivolous.  "A successful section

1983 action requires that the plaintiff show she was deprived of a federal right by a

person acting under color of state law."  *Almand v. DeKalb Cty., Ga.*, 103 F.3d

1510, 1513 (11th Cir. 1997).  Here, Holt has failed to demonstrate how receiving a

frivolous disciplinary citation deprived him of any federal right.  Even if the

---

[5] Holt does not brief on appeal his claims pursuant to title 18 of the United States Code, 42 U.S.C. § 1981, *conspiracy* under 42 U.S.C. §§ 1983 or 1985, or the various state statutes and regulations.  He also does not brief issues relating to his spoon or thermal cup, the increase in security classification level and its consequences, and, save for one possible exception discussed below, the allegedly frivolous disciplinary actions.  Holt has thus abandoned those claims.

[6] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const. amend. I.

disciplinary action was frivolous, it would at most amount to a violation of state law, which cannot, without more, provide Holt with a cause of action in federal court.

Holt argues he stated a Fourth Amendment claim[7] because the defendants seized his cell phone, stamped envelopes, and "U.S. Currency from his place of employment." In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Supreme Court held "that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Id.* at 530. The Court explained that ensuring prison safety means that prison officials "must be ever alert to attempts to introduce drugs and other contraband into the premises . . .; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots . . . before the schemes materialize." *Id.* at 527. Although Holt was at a work-release facility, not in his prison cell, he was still a prisoner, and the concerns the Court articulated in *Hudson* apply equally to a prisoner at a work-release facility.

Holt argues he stated a Fifth Amendment claim[8] because the defendants deprived him "of his property without due process." He repeats this claim under

---

[7] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

[8] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

11

the Fourteenth Amendment,[9] which is the proper basis to plead it against state, as opposed to federal, officials. *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989). An "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Here, the State of Alabama provides adequate postdeprivation remedies. Ala. Code § 41-9-60, *et seq.*, provides for "a method of payment by the State of Alabama or any of its agencies, commissions, boards, institutions or departments to persons for injuries to person or property" caused by any of those bodies. Accordingly, this statute provides prisoners with a meaningful postdeprivation remedy for the loss.

Holt argues he stated an Eighth Amendment claim[10] because he was placed in segregation from March 22, 2017, through April 12, 2017, "in retaliation for," as we interpret it, his complaining about the "unjustified" disciplinary actions. A "prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

---

[9] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[10] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

12

The second requirement is subjective: the "prison official must have a sufficiently culpable state of mind," which in prison-conditions cases "is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted). Holt's claim fails on both the objective and subjective prongs. Being placed in segregation for three weeks does not itself implicate the Eighth Amendment. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (finding 30-day segregation did "not present a dramatic departure from the basic conditions of [the defendant's] indeterminate sentence"). Although Holt has not directly raised them on appeal, the specific conditions of his segregation do not affect the analysis. He has failed to allege that any defendant was deliberately indifferent to his health or safety by taking four days to fix the hot water in the shower; allowing him to shower only every other day; providing him with only a dull, battery-operated razor; or revoking temporarily his telephone, visitation, and canteen privileges.

Holt argues he stated a Thirteenth Amendment claim[11] because the defendants deprived him of his paid job and forced him to work for the Department of Corrections without pay. When "a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a court of competent jurisdiction and is forced to work pursuant to prison regulations or state

---

[11] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

13

statutes, the thirteenth amendment's prohibition against involuntary servitude is not implicated." *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983). Holt's claim thus fails as a matter of law.

Holt also insinuates he had a permanent right to continuing, paid employment pursuant to Ala. Code § 14-8-2. Holt is incorrect. That statute specifically states that "[i]nmates shall participate in paid employment *at the discretion of the board*." *Id.* § 14-8-2(a) (emphasis added). We have already remarked, in the liberty-interest context, on the highly discretionary nature of the statute. *Francis v. Fox*, 838 F.2d 1147, 1149–50 & n.8 (11th Cir. 1988). But even if we assume, *arguendo*, that Holt had a protectable property interest in his paid employment, Holt has failed to allege why any process he received, in light of the highly discretionary nature of the statute, was insufficient. *Cf. McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) ("Supreme Court precedent demonstrates that an employee with a property right in employment is protected only by the procedural component of the Due Process Clause, not its substantive component.").

Finally, Holt argues he stated a Fourteenth Amendment equal protection claim. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis."

14

*Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006).  Holt asserts that not all employees who receive written disciplinary actions are placed in segregation, so the defendants violated his equal protection rights.  Even if Holt's broad assertion somehow satisfies the first part of the test, no plausible reading of the complaint or anything in the record shows that any defendant invidiously discriminated against Holt on any constitutionally protected basis.

In sum, Holt has failed to state a claim.  The district court correctly dismissed his case.

**AFFIRMED.**