**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10537

Non-Argument Calendar

————————————————

ROBERT MARK GREENE,

*Plaintiff-Appellant,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
JANE DOE,
JOHN DOE,

*Defendants-Appellees,*

MARK INCH,

Former Secretary, Florida Department of Corrections, et al,

*Defendants.*

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cv-00486-WS-MAF

————————————————

2                    Opinion of the Court                    25-10537

Before JILL PRYOR, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Robert Mark Greene, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his suit under 28 U.S.C. § 1915 for failure to state a claim and as frivolous.[1]  On appeal, he primarily argues that his suit was improperly dismissed as frivolous.  After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In December 2024, Greene initiated this lawsuit by filing a civil rights complaint in the district court seeking monetary damages.  He sued several current and former secretaries of the Florida Department of Corrections.  Greene's factual allegations explained that the defendants "caus[ed him] to work institutional labor" during his prison sentence.  Citing the Thirteenth and Fourteenth Amendments, Greene argued Florida law does not authorize "servitude" as a part of his sentence and that the work the defendants required him to do was not ordered "as a punishment for crime, nor by a prison regulation."  Greene provided some of his prior litigation history in his complaint.  A magistrate judge ordered Greene to pay the requisite filing fees or to move to proceed *in forma pauperis*.  It also instructed him to disclose all his prior litigation history.  Greene paid the filing fee and filed an amended complaint.

---

[1] *See Greene v. Dixon*, No. 4:24-cv-486, 2025 WL 378973 (M.D. Fla., Jan. 6, 2025), *report and recommendation adopted*, 2025 WL 371511 (M.D. Fla., Feb. 3, 2025).

Greene's amended complaint named, as defendants, Ricky Dixon, the current secretary of the Florida Department of Corrections, as well as the previous secretaries "beginning [in] September 2008." The amended complaint presented many of the same facts as the initial complaint and centered on the Florida Department of Corrections' requirement that he perform institutional labor while incarcerated. Greene alleged that this labor was not required under any "prison labor regulation" or "Labor Statute" and that Federal law required such a source of authority before he be required to work. Greene again cited the Thirteenth and Fourteenth Amendments as the bases for his suit. Greene attached a longer list of prior litigation history to his amended complaint.

In a "memorandum of law" submitted with his amended complaint, Greene explained the basis of his suit in greater detail. In that memorandum, Greene argued that Florida law establishes that "hard labor" is an illegal sentence and that precedent from other courts, such as the Fifth Circuit, establish that a prisoner who is not sentenced to hard labor retains his rights under the Thirteenth Amendment to challenge work requirements prison officials imposed on him. He also argued that this Court's caselaw was consistent with this principle.

A magistrate judge prepared a report and recommendation ("R&R") recommending that Greene's suit be dismissed. First, the R&R explained that Greene "had failed to state an actionable claim under the Thirteenth Amendment because it is well settled that inmates have no constitutional right to compensation for their labor

and may be required to work by prison officials." Quoting this Court's opinion in *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983), the R&R reasoned that "the Thirteenth Amendment's prohibition against involuntary servitude [wa]s not implicated" by the facts Greene alleged. Second, the R&R noted that Greene had filed a previous case on the same subject in 2015, and that a different district court had denied him relief.

The R&R next concluded that Greene had not presented a viable due process claim. The magistrate judge explained that, to allege such a claim, Greene needed to show that he was subjected to conditions of confinement which implicate a liberty interest. Under Supreme Court precedent, the R&R continued, that meant that Greene needed to allege "he was subjected to an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Greene*, 2025 WL 378973, at *2 (quoting *Sandin v. Conner*, 515 U.S. 472, 484–86 (1995)). The magistrate judge found that the allegation he was forced to perform labor, without more, was insufficient to state a claim. For these reasons, the R&R recommended that Greene's case be dismissed as frivolous and for failing to state a claim.

Greene objected to the R&R, making many of the same arguments he now makes on appeal. First, he argued that his Thirteenth Amendment claim was viable and that *Omasta*, which the R&R cited, did not address his situation where he was forced to work "illegally." He also argued that Fifth Circuit precedent, including *Williams v. Henagan*, 595 F.3d 610, 619–20 (5th Cir. 2010)

and *Watson v. Graves*, 909 F.2d 1549 (5th Cir. 1990), "distinguish[] between prisoners sentenced to hard labor and those"—like him—"who are not." However, Greene conceded that "11th Circuit law does not" make the same distinction. He argued the district court should follow the Fifth Circuit caselaw instead. Second, Greene contended his Fourteenth Amendment claim was viable because, based on his Thirteenth Amendment argument, he had a liberty interest in not being required to perform involuntary labor.

The district court adopted the R&R and dismissed Greene's suit "pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) for failure to state a claim upon which relief may be granted and because it is frivolous." Greene's appeal followed.

## II. STANDARDS OF REVIEW

We review a district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) *de novo*. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). A finding of frivolity, on the other hand, is reviewed for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Recognizing that representing oneself is difficult, we construe *pro se* pleadings and briefs liberally. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## III. DISCUSSION

Section 1915(e) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the

action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal*, 254 F.3d at 1278–79 (explaining that the language in "28 U.S.C. § 1915(e)(2)(B)(ii) 'tracks the language of Federal Rule of Civil Procedure 12(b)(6)'" (citation omitted)). To survive dismissal under Rule 12(b)(6), "[p]laintiffs must plead all facts establishing an entitlement to relief with more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ramirez v. Paradies Shops, LLC*, 69 F.4th 1213, 1217 (11th Cir. 2023) (quoting *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012)). A "complaint must contain enough facts to make a claim for relief plausible on its face; a party must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Resnick*, 693 F.3d at 1324-25). While we take all facts in the complaint as true, we need not accept legal conclusions [in a complaint] as true, "even when they are 'couched as factual allegations.'" *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (alterations adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Thirteenth Amendment prohibits slavery and involuntary servitude "except as a punishment for crime whereof the party shall have been duly convicted." U.S. CONST. amend. XIII, § 1. We have held that, when "a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a

court of competent jurisdiction and is forced to work pursuant to prison regulations or state statutes, the [T]hirteenth [A]mendment's prohibition against involuntary servitude is not implicated." *Omasta v. Wainwright*, 696 F.2d 1304, 1305 (11th Cir. 1983).

On appeal, Greene argues that *Omasta* conflicts with Fifth Circuit caselaw and the text of the Thirteenth Amendment. However, even if he were correct that the Fifth Circuit sees this issue differently, we are compelled to apply *Omasta*, and the district court was bound to apply *Omasta* as well. *See Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 934 (11th Cir. 2021); *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co.*, 240 F.3d 956, 965 & n.14 (11th Cir. 2001). There is no exception to the rule that we must follow our own prior precedent "even" if we were to become "convinced it is wrong," *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*), unless the Supreme Court or this Court sitting *en banc* has overturned or abrogated it, *id.*; *see also Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997). Given that *Omasta* held that the Thirteenth Amendment was not implicated in a situation like the one Greene alleges, the district court did not err in dismissing Greene's Thirteenth Amendment claim. *See Omasta*, 696 F.2d at 1305 ("The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." (quoting *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963))).

Under the Due Process Clause of the Fourteenth Amendment, prisoners may not be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556

(1974); *see also Dean-Mitchell v. Reese*, 837 F.3d 1107, 1112 (11th Cir. 2016). Yet, "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin*, 515 U.S. at 480 (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *abrogated in part by Sandin*, 515 U.S. at 483–84 & n.5). Therefore, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Due process protection for a state-created liberty interest is limited to those situations where deprivation of that interest limits freedom from restraint and "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

As to this claim, the district court found that Greene had failed to allege a liberty interest that triggered the procedural protections of the Due Process Clause. While Greene argued that various defendants threatened him with disciplinary action to force him to work, his allegations regarding being required to perform labor do not fall outside the "expected perimeters of the sentence imposed," *id.* at 485, nor "impose[] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," *id.* at 484. This is especially true here, where Greene pled no facts regarding the work he has been required to perform or why it is an "atypical and significant hardship" for him to perform it.[2]

---

[2] We do not suggest that no work-related Fourteenth Amendment claim could ever state a claim. We only conclude that, as alleged, Greene's suit failed to

25-10537                Opinion of the Court                9

Accordingly, the magistrate judge and district court correctly concluded that Greene's complaint failed to state a viable claim under the Fourteenth Amendment.

Because the district court properly dismissed Greene's complaint for failure to state a claim, we need not reach the question of whether the complaint was also frivolous. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining that, generally, "courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach"); *see also Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010) ("The district court's decision may be affirmed if the result is correct, even if the court relied upon an incorrect ground or gave a wrong reason."). Therefore, we affirm without reaching that question.

   **AFFIRMED.**

---

allege severity or atypicality of a work-related prison condition necessary for a viable claim. *Sandin*, 515 U.S. at 484–85.